IN THE IOWA DISTRICT COURT IN AND FOR BLACK HAWK COUNTY

| | |
|---|---|
| CHRISTEN EVERETT<br><br>    Plaintiff,<br><br>vs.<br><br>HAWKEYE COMMUNITY COLLEGE,<br><br>    Defendants. | **PETITION AT LAW<br>AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Christen Everett, by and through her undersigned attorney, for her cause of action against Hawkeye Community College and for her Petition at Law and Jury Demand states:

## **PARTIES, JURISDICTION, VENUE**

1. Plaintiff, Christen Everett, is a resident of Black Hawk County, Iowa.

2. Defendant, Hawkeye Community College, is a fully accredited public college. Defendant's actions are the same as and constitute actions by the State of Iowa or an agency of the State of Iowa. All actions described in this Petition were performed by Defendant's employees, agents, or representatives. Defendant operates in Black Hawk County, Iowa.

3. Jurisdiction and venue are proper in the Iowa District Court for Black Hawk County because Defendant's actions partially occurred or resulted in damages to Plaintiff in Black Hawk County, Iowa.

**EXHIBIT A**

1

## PROCEDURAL REQUIREMENTS

4. On April 20, 2021, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Right Commission.

5. On July 16, 2021, less than 90 days prior to the filing of the Petition, the Iowa Civil Rights Commission issued a Right to Sue letter with respect to Plaintiff's charges.

6. Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## FACTS COMMON TO ALL COUNTS

7. Beginning February 8, 2018, Plaintiff worked as an Academic/College Success Advisor in Defendant's Student Services Department.

8. While employed by Defendant, Plaintiff satisfactorily performed her job duties and received positive reviews.

9. Plaintiff was never disciplined while employed by Defendant.

10. Due to the untenable conditions at Hawkeye Community College, Plaintiff was forced to resign on May 14, 2021.

## COUNT I:
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT DISABILITY DISCRIMINATION

11. Plaintiff repleads and reasserts paragraphs 1 - 10 above as if fully set forth herein.

12. Plaintiff has documented disabilities including, but not limited to, anxiety and depression.

13. On multiple occasions in 2021, Plaintiff requested Defendant provide her with a reasonable accommodation for her disabilities.
14. Plaintiff's accommodation request was supported by documentation and recommendations from her healthcare provider.
15. Plaintiff's requested accommodation included a request for Defendant to allow her to work from home 100% of the time.
16. Defendant refused to provide Plaintiff with any accommodation for her disability.
17. At the time of denial, Defendant requested additional information from Plaintiff's health care provider.
18. Plaintiff provided the additional documentation in a timely manner.
19. Defendant again denied Plaintiff's accommodation request.
20. Defendant did not review a health care provider's completed certification prior to issuing a final decision on Plaintiff's accommodation.
21. Defendant violated the requirements of the Americans with Disabilities Act (ADA) by failing to consider pertinent medical information and issuing a decision based on subjective beliefs and not on medical fact.
22. Plaintiff is, and was at all times material, disabled within the meaning of the Iowa Civil Rights Act.
23. Plaintiff's anxiety, depression, and other related conditions substantially interfere with her major life activities, including but not limited to stress, anxiety, and depression when at work and home with feelings of worry outside of what is considered normal of others her age.

24. Plaintiff is, and was at all times material, able to perform the essential functions of her job with or without reasonable accommodation.

25. Defendant failed to accommodate Plaintiff's disabilities in violation of the Iowa Civil Rights Act.

26. Defendant failed to engage in a good faith interactive process with Plaintiff to assist in accommodating her disabilities in violation of the Iowa Civil Rights Act.

27. Defendant discriminated against Plaintiff with respect to terms and conditions of her employment in violation of the Iowa Civil Rights Act.

28. Plaintiff's disabilities were a motivating factor in Defendant's discrimination.

29. Plaintiff complained about the discrimination she experienced and otherwise opposed practices made unlawful by the Iowa Civil Rights Act.

30. As a result of Defendant's illegal actions and omissions, Plaintiff has in the past, and will in the future, suffer injuries and damage, including but not limited to mental and emotional distress, anguish, humiliation, embarrassment, lost enjoyment of life, medical expenses, lost wages, benefits, future earnings, and other emoluments of employment.

## COUNT II:
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

31. Plaintiff reasserts and repleads paragraphs 1-30 above as if fully set forth herein.

32. In March 2020, Plaintiff and other employees of Defendant began performing their job duties off-campus in response to the COVID-19 pandemic.

33. Plaintiff began working a partial schedule on-campus in late summer/early fall 2020.

34. Defendants failed to put in place proper protocols responsive to the COVID-19 pandemic and thereby placed the health and safety of their employees in jeopardy.

35. To the extent Defendants put responsive safety protocols in place, these protocols were not enforced, thereby placing the health and safety of Defendant's employees in jeopardy.

36. Plaintiff reported Defendant's failure to put in place and/or properly administer responsive safety protocols to Human Resources Director Susan Hauber on multiple occasions.

37. Plaintiff requested that Defendant engage in conduct meant to protect the health and safety of Defendant's employees.

38. Despite Plaintiff's requests and complaints, Defendant continued to place the health and safety of their employees in jeopardy.

39. Plaintiff was forced to resign due to Defendant's failure to ensure the health and safety of their employees.

40. Plaintiff has sustained damages as a result of Defendant's forced resignation.

## COUNT III: UNEQUAL PAY

41. Plaintiff reasserts and repleads Paragraphs 1 – 40 above as if fully set forth herein.

42. Plaintiff is a member of a protected class.

43. Employees outside of Plaintiff's protected class were paid higher wages by Defendant.

44. Plaintiff and employees outside of Plaintiff's protected class who were paid higher wages performed equal work requiring substantially similar skill, effort, and responsibilities.

45. Plaintiff and employees outside of Plaintiff's protected class who were paid higher wages performed work under similar working conditions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgement against Defendant in an amount that will fully and fairly compensate her for injuries and damages, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act and other applicable law(s).

## JURY DEMAND

COMES NOW the Plaintiff by and through her attorney, hereby requests a trial by jury in the above-captioned matter.

    /s/ Benjamin Roberson
Benjamin W. Roberson AT0013277
    of
Community Law Office
84 16th Ave SW
Cedar Rapids, IA 52404
Phone: 319-200-7050
Fax: 319-575-6105
Email: ben@communitylawoffice.com